IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| RaCravia Akelia Miller, ) | |
| ) | C.A. No. 7:22-01961-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Experian Information Solutions, Inc.; First ) | |
| Advantage Background Services, Corp.; ) | |
| and True Hire, LLC, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendant True Hire, LLC's ("True Hire") motion to set aside entry of default made pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. For the reasons below, the court grants True Hire's motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On June 21, 2022, Plaintiff filed this action against Defendants Experian Information Solutions, Inc. ("Experian"), First Advantage Background Services, Corp. ("First Advantage"), and True Hire, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (Compl., generally, ECF No. 1.) True Hire's registered agent was served with the summons and complaint on June 24, 2022. (Summons Returned Executed, ECF No. 7.) True Hire did not answer or respond to the summons and complaint within the 21-day deadline for filing a response. On July 18, 2022, Plaintiff requested that the clerk enter default against True Hire, (Req. Entry Default, ECF No. 13). Default was entered by the clerk on July 19, 2022. (Entry Default, ECF No. 14.)

1

According to True Hire, the summons and complaint were forwarded to Michael Barnhart, one of True Hire's owners, on June 29, 2022. (Mot. Set Aside Default Ex. 2 (Barnhart Aff. ¶ 3), ECF No. 23-2.) Barnhart, in turn, forwarded the summons and complaint to True Hire's insurance carrier on July 1, 2022. (Id. Ex. 2 (Barnhart Aff. ¶ 4), ECF No. 23-2.) On July 6, 2022, an insurance claims manager informed Barnhart that the insurer had received notice of the lawsuit and that a claim number had been assigned. (Id. Ex. 2 (Barnhart Aff. ¶ 5), ECF No. 23-2); (Id. Ex. 3 (Glasser Aff. ¶ 5), ECF No. 23-3.) Sometime thereafter, Barnhart attempted to contact the claims manager to provide additional information about the claim, but "for some reason," the claims manager did not receive his messages. (Id. Ex. 2 (Barnhart Aff. ¶ 6), ECF No. 23-2); (Id. Ex. 3 (Glasser Aff. ¶ 6), ECF No. 23-3.)

The claims manager subsequently realized that the answer deadline had passed when she spoke with True Hire's registered agent on August 8, 2022. (Id. Ex. 3 (Glasser Aff. ¶ 7), ECF No. 23-3.) That same day, the insurer retained True Hire's current counsel, who entered an appearance on behalf of True Hire on August 9, 2022. (Id. Ex. 3 (Glasser Aff. ¶ 8), ECF No. 23-3); (Notice of Appearance, ECF No. 20.) On August 12, 2022, True Hire filed the instant motion. (Mot. Set Aside Default, ECF No. 23.) Plaintiff filed a response on August 26, 2022. (Resp. Opp'n, ECF No. 31.) This matter is ripe for review.

## II. DISCUSSION OF THE LAW

Rule 55(c) of the Federal Rules of Civil Procedure permits a court to "set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). To determine whether good cause exists, courts consider "[1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice

2

to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic." Payne v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006). Rule 55(c) is to be "liberally construed," and "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

Upon review of the Payne factors, the court finds sufficient cause to grant True Hire's motion to set aside the entry of default.

First, True Hire has proffered potentially meritorious defenses to Plaintiff's Fair Credit Reporting Act claims. Namely, True Hire contends that it has maintained reasonable reporting procedures to assure "maximum possible accuracy," that Plaintiff has suffered no injury, and that the report it provided was not inaccurate. (Mem. Supp. Mot. Set Aside Default 5-6, ECF No. 28.)

Second, True Hire acted with reasonable promptness by moving to set aside the entry of default twenty-four days after it was entered. See, e.g., Bell v. Arctic Cat, Inc., No. 0:18-02850-MGL, 2021 WL 1791164, at *2 (D.S.C. May 5, 2021) (unpublished) (finding reasonable promptness where motion to set aside entry of default was filed thirty-one days after default was entered); Wainwright's Vacations, LLC v. Pan Am. Airways Corp., 130 F. Supp. 2d 712, 718 (D. Md. 2001) (thirty-three days); United States v. Stover, No. 3:20-cv-00579-RJC-DCK, 2021 WL 3745034, at *3 (W.D.N.C. Aug. 24, 2021) (unpublished) (thirty-eight days).

Third, there is no indication that True Hire was personally responsible for the entry of default. True Hire promptly forwarded the summons and complaint to its insurer after its registered agent accepted service. Five days later, its insurer confirmed receipt of the summons

and complaint and stated that a claim number had been assigned.  True Hire followed up with the insurer to provide additional information about the claim, but the insurer did not receive the messages.  Based on these facts, the court agrees that "[t]he default in this matter was not the result of oversight or delinquency by True Hire."  (Mot. Set Aside Default Ex. 3 (Glasser Aff. ¶ 10), ECF No. 23-3.)  Rather, True Hire's insurer's failure to retain counsel in a timely fashion caused the default.  See, e.g., Bieros v. Nicola, 851 F. Supp. 681, 683 (E.D. Pa. 1994) (setting aside default when defendants immediately forwarded complaint to their insurance carrier, which failed to retain counsel until after the answer deadline passed); Farmers All. Mut. Ins. Co. v. Pack Constr., Inc., Case No. 3:19-cv-131, 2020 WL 12957752, at *2-3 (D.N.D. Oct. 26, 2020) (unpublished) (same).

Fourth, Plaintiff would not be prejudiced if the entry of default is set aside.  This case is in its early stages.  A scheduling order was entered on August 4, 2022, and the deadline for completing discovery is not until January 3, 2022.  (Scheduling Order, ECF No. 19.)  As a result, the delay has not "made it more difficult for [Plaintiff] to proceed with trial" or "hampered [Plaintiff's] ability to complete discovery."  Companion Specialty Ins. Co. v. Med James Inc., No. 3:15-cv-249-TLW, 2015 WL 13817411, at *3 (D.S.C. Apr. 21, 2015) (unpublished).

Fifth, there is no evidence of previous dilatory conduct by True Hire.

Sixth, the availability of less drastic sanctions – such as requiring True Hire to pay attorney's fees and costs relating to the entry of default – weighs in favor of setting aside the default.  Although the court recognizes that alternative sanctions to default are available, Plaintiff has not requested fees and costs, and such sanctions are not warranted in this case

4

because True Hire's counsel is not to blame for the failure to respond.  See Vick v. Wong, 263 F.R.D. 325, 331 (E.D. Va. 2009) ("Courts have commonly imposed alternative monetary sanctions on attorneys who are responsible for a party's default.") (emphasis added).

In sum, the court finds that True Hire has demonstrated good cause to set aside the entry of default.

It is therefore

**ORDERED** that True Hire's motion to set aside entry of default, docket number 23, is granted.  True Hire shall have ten (10) days from the date of this order to file a responsive pleading to Plaintiff's complaint.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 31, 2022